IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: YOLANDA RADOGNA  :  CIVIL ACTION

: NO. 06-4215

:

**MEMORANDUM OPINION AND ORDER**

**Golden, J.**                                                                                                           **May 15, 2007**

Appellant Michael Radogna, Power of Attorney for Yolanda Radogna, appeals the August 8, 2006 order of the Bankruptcy Court affirming and adopting its findings and denying debtor's objection to the proof of claim filed by Northampton County. After review of the record and the briefs of the parties, this Court affirms the judgment of the Bankruptcy Court and denies appellant's motion to dismiss as moot.

**Standard of Review**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). A district court may not set aside the factual findings of the Bankruptcy Court unless they are clearly erroneous. *In re: TWA*, 145 F.3d 124, 131 (3d Cir. 1998). The Bankruptcy Court's conclusions of law are subject to *de novo* review. *Id.*

**Factual and Procedural Background**

Appellant appears before the Court *pro se*, and the Court is mindful of its duty to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although appellant's brief contains few details, the Court has discerned the following factual background of the case by reviewing the transcript of the hearing before the Bankruptcy Court on August 8, 2006. Appellant's family owns property in Northampton County. (Hr'g Tr. 21). The County claims that it has a lien

on the property in the amount of $20,048.00, representing real estate taxes delinquent between 2000 and 2005.  (Hr'g Tr. 28, 21-22).  Appellant submitted bonds to the Northampton County Tax Bureau, in an apparent effort to satisfy the debt.  (Hr'g Tr. 30).  Since August 2001, appellant's family has been in bankruptcy.  (Hr'g Tr. 22, 34).  On June 9, 2006, appellant objected to the County's proof of claim on the grounds that it was not timely filed, and the Bankruptcy Court conducted a hearing to resolve the objection.  (Hr'g Tr. 23).

During the hearing, appellant wished to present evidence concerning a supplement he filed regarding the oaths of office of various attorneys involved in the case, including the assistant solicitor representing Northampton County.  (Hr'g Tr. 4).  The Bankruptcy Court informed appellant that the issue was not properly listed to be considered at the August 8 hearing, and instructed appellant that he could "press your issue...at some later time, if you list it for a hearing."  (Hr'g Tr. 5).  The Bankruptcy Court also advised appellant that, by appearing as Power of Attorney for his mother, he risked engaging in the unauthorized practice of law.  (Hr'g Tr. 3); *See Kohlman v. W. Pennsylvania Hosp.*, 652 A.2d 849, 852 (Pa. Super. Ct. 1994).

The Bankruptcy Court found that the lack of a timely filing of a proof of claim was not a valid defense to non-payment of taxes.  (Hr'g Tr. 35).  The Bankruptcy Court found that the lien would exist outside the bankruptcy, explaining that because the lien was secured by real estate, it was not discharged by appellant's bankruptcy.  (Hr'g Tr. 34, 35).  Finally, the Bankruptcy Court concluded that the bonds furnished by appellant were meaningless, and did not discharge appellant's debts to the County. (Hr'g Tr. 35).

This appeal followed.  By an October 26, 2006 order, this case was consolidated with Civil Action Number 06-3994, as appellant had erroneously filed two appeals.  On November 16, 2006,

appellant filed a motion to dismiss the tax claim bureau's briefs and pleadings, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## Issues Raised on Appeal

Appellant listed forty issues in the statement of issues in his notice of appeal filed on August 28, 2006.[1]  In his brief, however, appellant only discussed[2] two issues, paraphrased here: whether the

---

[1]  Many of the issues listed are variations on the denial of access to the courts, which the Court addresses in this opinion.  Other issues listed in the notice of appeal, but not briefed, include:
- violations of the due process clause;
- violations of the equal protection clause;
- dishonoring appellant's bonds, in accord with HJR-192 of June 5, 1933;
- the Bankruptcy Court's attempts to coerce appellant to pay a debt with a debt instrument;
- since June 5, 1933, Americans have been able to transfer debt but not to pay debt;
- the coinage act of 1792 is still in effect;
- dollars are described legally as consisting of gold and silver coins;
- Article 1 Section 10 of the United States Constitution has not been repealed or amended;
- Federal Reserve notes are not "dollars;"
- there is no conversion of Federal Reserve notes to dollars of gold or silver coins;
- the U.S. Constitution is still the supreme law of the land;
- judges are still bound by oath to uphold and support the U.S. Constitution;
- all laws of the United States shall be made in pursuance of the Constitution;
- the United States went broke in 1933;
- the United States government is in bankruptcy;
- Christopher Spadoni, assistant solicitor for Northampton County, does not have a correct oath of office on file with the Supreme Court of Pennsylvania, or with the prothonotary of Northampton County;
- The prothonotary of Northampton County has not produced financial interest statements for Christopher Spadoni;
- The prothonotary of Northampton County has not provided information regarding Christopher Spadoni's contract with the government or credentials;
- Frank Pearn, former division head of the Northampton County tax bureau, has not provided proof of an oath of office;
- The prothonotary of Northampton County has not provided any financial interest statements for Frank Pearn;
- The prothonotary of Northampton County has not provided any certified copies of oaths of office of each notary or other person who may have administered, certified, or verified any documents to be presented by requestor or on behalf of Christopher Spadoni or Frank Pearn.

[2]  Appellant makes passing reference to the Bankruptcy Judge's oath of office, which appellant claims is not on file with the Pennsylvania Bar.  Appellant's Br. at 4.  Appellant claims that, because the Supreme Court could not produce a copy of the Bankruptcy Judge's oath, the

(continued...)

Bankruptcy Court erred in finding that the lack of a timely filing of a proof of claim was not a valid defense to non-payment of taxes; and whether the Bankruptcy Court denied appellant meaningful access to the courts by not considering appellant's supplemental motion regarding various attorneys' oaths of office at the August 8, 2006 hearing.  Under the law of this circuit, appellant waived all of the issues that he failed to raise in his opening brief.[3]  *Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 202-03 (3d Cir. 2004).

## Discussion

This Court holds that the Bankruptcy Court did not deprive appellant of meaningful access to the courts by not permitting him to discuss his supplemental material about attorneys' oaths of office during the August 8, 2006 hearing.  Appellant was given meaningful access to the court during the hearing.  The Bankruptcy Court explicitly instructed appellant to list any supplemental motions for an additional hearing, and to return to court to air his additional concerns.  The cases cited by appellant in support of his argument concern prisoners who did not have access to legal reference material, and

---

[2](...continued)
Bankruptcy Court did not have subject matter jurisdiction over the case.  *Id.*  The appellant cites to 42 Pa. C.S.A. section 2522 and Pennsylvania Bar Rule 231.

The Court concludes that appellant likely waived the issue of the Bankruptcy Judge's oath of office by making only passing reference to it.  *Skredvedt*, 372 F.3d at 203.  Out of an abundance of caution in dealing with a *pro se* litigant, the Court notes that the deputy prothonotary of the Supreme Court sent appellant a letter that included the 1979 bar admission date of the Bankruptcy Judge.  The Court reads Pennsylvania Bar Rule 231 and 42 Pa. C.S.A. section 2522 as requiring attorneys to take an office of office before admission to the bar.  By explaining that the Bankruptcy Judge was admitted to the bar, the Deputy Prothonotary's letter implies that at one time, the Supreme Court received notification that the Bankruptcy Judge took the required oath of office.  The Court does not read either the bar rules or the statute as requiring an attorney to be able produce a photocopy of his or her oath of office nearly thirty years after admission to the bar.

[3] It appears that appellant filed an additional notice of appeal on September 8, 2006, listing issues related to the due process clause, the equal protection clause, and the Sixth Amendment. Appellant also filed a notice of appeal on August 28, 2006 indicating that he would appeal the Bankruptcy Court's denial of his petition to proceed *in forma pauperis*.  Appellant filed no briefs on these issues, thus waiving them.  *Skretvedt*, 372 F.3d at 202-03.  Even interpreting appellant's filings generously, the Court cannot discern his arguments.

thus could not avail themselves of the courts, *Bounds v. Smith*, 430 U.S. 817, 825 (1977); a petitioner that claimed it did not have adequate notice to defend a claim in front of the Benefits Review Board, *Meehan Seaway Serv. v. OWCP*, 125 F.3d 1163, 1170 (8th Cir. 1997); and a union's standing to bring an action on behalf of its membership, *Nestle Ice Cream v. N.L.R.B.*, 46 F.3d 578 (6th Cir. 1995).  None of these cases present facts similar to the case at bar.  Appellant had ample time to prepare for his hearing, given that his taxes became delinquent in 2000, and he prompted the hearing by objecting to the County's proof of claim.  Appellant not only participated in a hearing, but also received encouragement to return with additional issues.  The Court concludes that appellant did have meaningful access to the courts, and the Bankruptcy Court did not err in refusing to consider appellant's supplement during the August 8 hearing.

This Court also affirms the Bankruptcy Court's finding that, even if Northampton County filed an untimely proof of claim, appellant has no defense against the County's lien and the lien is still valid.  A secured creditor may rely on its lien, even if it fails to file a proof of claim.  11 U.S.C. § 506(d)(2).  Even an untimely claim does not extinguish a lien.  *In re: Kressler*, 40 Fed. Appx. 712, 714 (3d Cir. 2002).[4]  In this case, the County's lien for real estate taxes is secured by appellant's property.

Finally, the Court denies as moot appellant's motion to dismiss the County's brief and pleadings.  A motion to dismiss under Federal Rule of Civil Procedure 12 tests the legal sufficiency of a plaintiff's complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In this case,

---

[4] The Court does not cite this decision as binding authority, but its facts and analysis guide the Court as persuasive authority. *See, e.g., United States v. Thornton*, 306 F.3d 1355, 1358 n.1 (3d Cir. 2002) (citing four unpublished, non-precedential opinions from other circuits as persuasive authority); *City of Newark v. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir 1993) (considering unpublished authority's analysis of factually identical scenario persuasive); *Salamone v. Dep't of Homelane Sec.*, 2004 WL 503544, at *4 (E.D. Pa. Mar.12, 2004) (noting that "[u]npublished opinions lack precedential authority under [Local Appellate Rule] 28.3(a) and [Internal Operating Procedure] 5.3 (3d Cir. 2003), yet still provide persuasive guidance.").

Northampton County is not a plaintiff, and did not file a complaint; thus, a motion to dismiss cannot apply. Even when evaluated for its content rather than its form, appellant's motion is moot because it only reiterates arguments about the timeliness of the County's proof of claim.

      This Court affirms the August 8, 2006 order of the Bankruptcy Court affirming and adopting its findings and denying debtor's objection to the proof of claim filed by Northampton County. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: YOLANDA RADOGNA | : | CIVIL ACTION |
| | : | NO.  06-CV-4215 |

## **ORDER**

AND NOW, this 15th day of May, 2007, the Order of the Bankruptcy Court Affirming and Adopting its Findings and Denying the Debtor's Objection to Proof of Claim, entered August 8, 2006, is AFFIRMED.  Appellant's Motion to Dismiss (Document Number 7) is DENIED as moot.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.